## J. Irving Pearce

*v.*

## Moses Turner *et al.*

*Filed at Springfield April 2, 1894.*

1. Lease—*extension of term—option of lessor to extend or sell to lessee —construed.* In 1875 the owner of premises leased the same from May 1, 1875, to May 1, 1880. The lease was extended, from time to time, by indorsements made thereon, the last being April 23, 1890, extending the lease from May 1, 1890, to May 1, 1895, which indorsement was as follows: "This lease * * * is extended five years from May 1, 1890, upon the same terms and conditions of above extension made and dated April 8, 1885. At expiration of this extension it shall be the privilege of the party of the first part, or his heirs or assigns, to extend the said lease from May 1, 1895, at $1200 per year, payable in monthly installments, with all the conditions of the original lease, or to sell * * * the party of the second part * * * for $30,000, the said party of the second part accepting the above conditions and terms:" *Held*, that the extension of 1890 gave the lessee no rights in the property after May 1, 1895.

2. The advantage to be derived from the privilege was a part of the consideration for the extension of the lease from May 1, 1890, to May 1, 1895, and the fact that the lessee accepted the terms and conditions of the extension from May 1, 1890, to May 1, 1895, including the privilege in question, did not operate to impose upon the lessor a contract to either extend the lease to May, 1900, or sell the premises at the figure named.

APPEAL from the Circuit Court of Fulton county; the Hon. JEFFERSON ORR, Judge, presiding.

Mr. H. W. MASTERS, for the appellant.

Messrs. GRAY & WAGGONER, for the appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a bill, filed by the executors of the will of Nathan Beadles, deceased, to construe said will and declare the rights of the parties, and also the rights of the appellant under the lease hereinafter mentioned. On March 26, 1875, Nathan Beadles, then of Lewistown, in Fulton County, leased certain premises in Chicago, Cook County, to the appellant from May 1, 1875, to May 1, 1880. The lease was extended from time to time by written agreements of extension endorsed thereon, the last being on April 23, 1890, extending the lease from May 1, 1890, to May 1, 1895, and in the following words:

"This lease, by mutual consent of the parties whose names are hereto attached, is extended five years from May 1, 1890, upon the same terms and conditions of above extension made and dated April 8, 1885. At expiration of this extension it shall be the privilege of the party of the first part, or his heirs or assigns, to extend the said lease five years from May 1, 1895, at $1200 per year, payable in monthly installments, with all the conditions of the original lease, or to sell the party of the second part, his heirs or assigns, the within described property for $30,000, the said party of the second part accepting the above conditions and terms, April 23, 1890.

N. BEADLES,   . [Seal.]<br>J. IRVING PEARCE.   [Seal.]"

The agreeement of extension made on April 8, 1885, provided, that the lease, by the mutual consent of the parties, was extended five years from May 1, 1885, upon condition that Pearce should pay Beadles $1000.00 per year in installments of $83.34 on May 1, 1885, and the same amount on the first

day of each and every month thereafter, during the lease; the said extension and lease being for the use of lot 13, as mentioned in the original lease, and in every other respect and condition as in the original lease remaining in full force and effect, leaving out everything pertaining to lot 12, as mentioned in the original lease.

It was claimed by the appellant in the court below that, by the terms of the extension of April 23, 1890, as above quoted, he was entitled either to hold the premises for a period of five years from May 1, 1895, or to purchase the same at that date for $30,000.00; but the court decreed against this claim, holding it to be invalid, and finding that all interest of the appellant in the premises under the lease terminates on May 1, 1895. The present appeal is from this decree of the Circuit Court.

We are of the opinion that the trial court gave the correct construction to the extension made on April 23, 1890. The clause above quoted gave to Beadles the privilege of extending the lease from May 1, 1895, at an increased rental, or of selling the premises to Pearce for $30,000.00. As the grant was of a mere privilege, which Beadles might or might not exercise as he saw fit, no binding obligation was imposed upon him, and no right to compel him to exercise the privilege was conferred upon Pearce. What was granted would not be a privilege, if its exercise was to be a matter of compulsion. The advantage to be derived from the privilege was a part of the consideration for the extension of the lease from May 1, 1890, to May 1, 1895. The fact that the party of the second part accepted the terms and conditions of the extension from May 1, 1890, to May 1, 1895, including the privilege in question, did not operate to impose upon the party of the first part a contract to either extend the lease to May, 1900, or sell the premises at the figure named.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*