Belknap,
April 1, 1919.

## LILLIAN L. HILL v. HATTIE C. PRIOR.

A clause in a lease, "the lessor agrees to give the lessee the first right to a further lease" etc., does not show an absolute purpose to lease to anyone and hence does not entitle the lessee to specific performance of such agreement unless the lessor desires to release.

BILL IN EQUITY, for specific performance of a clause in a lease of real estate by the defendant's ancestor in title to the plaintiff, dated

January 30, 1903, for the term of fifteen years from date. The clause referred to contains the following provision: "The lessor agrees to give the lessee the first right to a further lease for a term not exceeding ten years after the expiration of this lease." The question whether a decree for the plaintiff could be granted was transferred by *Allen*, J., without a ruling, from the March term, 1918, of the superior court.

*Young & Cheney* (*Mr. Young* orally), for the plaintiff.

*Owen & Veazey* and *Streeter, Demond, Woodworth & Sulloway* (*Mr. Demond* orally), for the defendant.

WALKER, J. The plaintiff's right to a renewal of the lease depends upon the construction given to the contract, by which the lessor agreed to give her "the first right to a further lease" at the expiration of the first lease. The plaintiff claims that under the contract she became entitled to demand and to receive from the lessor a second lease, when the first term ended, upon the ground that the right thus acquired is an absolute one imposing upon the lessor the duty of compliance, and that in the event of non-compliance a case is presented for the intervention of equity by specific performance. Upon this theory no significance is given to the word "first"; in fact it is treated as immaterial or as surplusage so far as the understanding of the parties is concerned. But the lease contains no evidence that it was inserted by mistake, that it was used in a peculiar or restricted sense, or that it is repugnant to the intention of the parties. It must therefore be given such force and meaning as would ordinarily attach to it. It cannot be rejected.

In the ordinary use of language the phrase "the first right to a further lease," fifteen years hence, would mean that the lessor would give the lessee the first opportunity of taking a further lease, if the lessor should at that time desire to lease the property; in other words, that he would not lease it to another party until he had given the lessee the first chance to take the lease. "First" is used in the sense of giving the lessee the preference over others who might wish to become tenants of the property, but it does not indicate an absolute purpose on the part of the lessor to lease the property to anyone. He did not intend to encumber the land with a covenant not to sell it, or not to resume the occupation of it, at the expiration of the existing lease. For similar cases see *Buckmaster* v. *Thompson*, 36 N. Y. 558;

*Walsh* v. *Company*, 146 N. Y. Supp. 160; *Holloway* v. *Schmidt*, 67 N. Y. Supp. 169; *Schroeder* v. *Gemeinder*, 10 Nev. 355; *Crawford* v. *Morris*, 5 Grat. 90.

As it is not claimed that the defendant desires to again lease the land a decree for specific performance cannot be granted.

*Bill dismissed.*

PLUMMER, J., was absent: the others concurred.