JOSEPH PENNINGTON *vs.* JOHN D. GLOVER *et al.*

APRIL 20, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Landlord and Tenant. Covenants to Renew.*

A lease provided that at its termination "said lessors will execute to said lessees another lease to run for a period of five years or in lieu thereof, will pay said lessees the appraised value of such improvements as said lessees may at their own expense have added to said premises". At the end of the term lessees continued to occupy and paid the same rent for about twenty-one months without anything being done about a new lease or paying for improvements and then lessors gave notice to lessees to vacate.

*Held,* that a covenant to renew in the absence of a covenant to accept confers a privilege which is an executory contract and until the exercise of the privilege by the party upon whom it is conferred he cannot be held for the additional term, and therefore as lessees never became bound to pay rent for another term of five years they never acquired the right to occupy for another such term.

*Held,* further, that lessees became tenants from year to year which tenancy was terminated by the notice to quit under sec. 3, cap. 334, Gen. Laws.

*Quære;* as to any rights of lessees in equity for specific performance.

TRESPASS AND EJECTMENT. Heard on exception of plaintiff and sustained.

RATHBUN, J. This is an action of trespass and ejectment.

In the Superior Court a trial by jury was waived and the justice who heard the cause rendered a decision for the defendants. The case is before this court on the plaintiff's exception to said decision.

On July 2, 1913, the premises in question were owned in fee simple by the plaintiff and his mother, Millie A. Pennington, one of the defendants. On said date the plaintiff and his mother by written lease leased said premises for a term of five years to defendant Glover and said Millie A. Pennington. Thereafter Millie A. Pennington conveyed subject to said lease her interest in said premises to the plaintiff.

Said lease contained a covenant as follows: "That at the termination of said period said lessors will execute to said lessees another lease to run for a period of five years, or in lieu thereof, will pay said lessees the appraised value of said improvements as said lessees may at their own expense have added to said premises."

The defendants, who did business as co-partners, paid the stipulated rent and occupied the premises during the full term specified in the lease. At the end of said term the defendants continued to occupy and pay the same rent as theretofore until March, 1920. Until the latter date nothing was said or done by the parties relative to "another lease" or the payment for the improvements which had been placed upon the premises by the defendants. On March 31, 1920, the plaintiff gave the defendants notice in writing to vacate the premises on or before July 2, 1920. The plaintiff in March, 1921, told the defendants that he would pay to them the value of the improvements which they had placed upon the premises but nothing was done to ascertain what the value of the improvements was.

The defendants contend that by the terms of the covenant above quoted the plaintiff was bound at the end of the term, either to pay for the improvements or *renew* the lease for a term of five years, and that as the plaintiff did not, either before or within a reasonable time, after the expiration of said five years, pay or offer to pay for said improvements the defendants became tenants for another term of five years. In other words, a new tenancy with the same terms for five years was created by the plaintiff's

failure to elect whether he would pay for the improvements or renew the lease.

The plaintiff seeks to place a different construction upon said clause. He contends that the words "another lease to run for a period of five years," does not mean "another lease with the same terms." He argues that the provision for executing "another lease" is nugatory and void for indefiniteness since said provision merely provides that the lessors shall execute "another lease" and fails to define the terms of such other lease. The plaintiff contends also that the defendants by remaining in possession and paying rent after the end of the term became tenants from year to year and therefore subject to being dispossessed after notice of three months in writing to vacate at the end of the year. See Sec. 3, Chap. 334, G. L. 1909.

The question arises whether a new tenancy with the same terms for five years was automatically created when the defendants held over their term and the plaintiff failed within a reasonable time to elect to pay for said improvements. It should be borne in mind that only the plaintiff had the right to choose whether he would pay for the improvements, or execute "another lease" and that had "another lease" been tendered it was optional with the defendants to accept or reject the new lease. "A covenant to renew, in the absence of a covenant to accept, confers a privilege, which is an executory contract, and until the exercise of the privilege by the party upon whom it is conferred he cannot be held for the additional term." . . . "And the fact that a covenant of renewal is binding only upon the lessor does not deprive the lessee of electing whether he will enforce or decline the renewal." 24 Cyc. 995. As the defendants never became bound to pay rent for another term of five years it follows that they never acquired the right to occupy for another term of five years.

The defendants have never applied to the equity court for specific performance and we cannot in this action determine what, if any, equitable rights they now have. So

far as this action is concerned we find nothing to distinguish this from the ordinary case where a tenant for a year or more holds over his term without a new contract with the landlord and thereby becomes a tenant from year to year unless the landlord elects within a reasonable time to hold him as a trespasser. The tenancy from year to year was terminated by a notice to vacate, as required by Section 3 of said Chapter 334.

The plaintiff's exception is sustained.

The defendants may, if they shall see fit, appear before this court on the twenty-sixth day of April, 1922, at 10 o'clock a. m. and show cause, if any they have, why judgment should not be entered for the plaintiff.

*Tillinghast & Collins,* for plaintiff.

*Harold B. Tanner, Harold B. Staples,* of counsel.

*Thomas L. Carty,* for defendant.