CARLOS R. COLÓN ROSICH, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

No. 836.—*Sometido:* Mayo 6, 1931. *Resuelto:* Julio 9, 1931.

*Felipe Colón Díaz,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El Registrador de la Propiedad de Ponce se negó a inscribir un arrendamiento por cinco años con opción de prórroga por tres años más, primero, porque la propiedad misma no constaba inscrita, y, segundo, porque el término del arrendamiento no excedía de seis años, que es el período mínimo por el que se puede inscribir una propiedad sin convenio al efecto entre las partes y sin que mediaran las otras excepciones de la Ley Hipotecaria.

Si el arrendamiento no es inscribible por el segundo motivo, será innecesario discutir el primero. Es evidente que una opción a arrendar no es un arrendamiento. Nada ilustraría esto mejor que si una persona hiciera un contrato dándole a otra una opción de arrendamiento por seis años y sin ejercer esa opción la otra tratara de inscribir. Nada existiría hasta que se ejerciera la opción. En el presente caso no se hizo uso de la opción a arrendar, según sucedió en algunos de los casos en que las cortes consideraron el contrato como uno de arrendamiento por el total del término que el arrendatario original tenía derecho a obtener. *Andrews* v. *Marshall Creamery Co., infra; Stern Co.* v. *Friedman,* 229 Mich. 623, 201 N. W. 961. Por otra parte, una opción a prorrogar o renovar carece de fuerza y no obliga a cualquiera de las partes hasta que sea ejercida según se elija. 35 C. J. 1012, párr. 129. El texto está apoyado por *Pennington* v. *Glover,* 44 R. I. 250, 116 At. 657; *Pearce* v. *Turner,* 150 Ill. 116, 36 N. E. 962; *Andrews* v. *Marshall Creamery Co.,* 118 Iowa 595, 92 N. W. 706, 60 L.R.A. 399 y casos; *Zorkowski* v. *Astor,* 156 N. Y. 395, donde se dijo: "No es una concesión actual aceptada por la otra parte sino una promesa o convenio condicional de conceder en el futuro un término adicional." No había un arrendamiento existente por un término mayor de cinco años. Si el arrendamiento hubiese sido por ocho años con el privilegio de reducirlo a cinco, por ejemplo, habría sido un arrendamiento inscribible, a menos que se demostrara por el consentimiento de las partes que el término había quedado reducido. En lo que atañe al arrendatario, él hubiera sido responsable por todo el término, a menos que actuara. En el presente caso él puede permanecer quieto, y no surge responsabilidad alguna.

*Debe confirmarse la nota recurrida.*

Los Jueces Sres. Presidente del Toro y Asociado Hutchison disintieron.*

---

* NOTA: Véase el prefacio.