ESTADO LIBRE ASOCIADO DE PUERTO RICO, representado por el GOBERNADOR DE PUERTO RICO, demandante y apelado, *v*. GERARDO BALDRICH GÓMEZ, EZEQUIEL PRIETO y RAFAEL RODRÍGUEZ PACHECO, demandados y apelantes el primero y el último.

Número 11466.

*Sometido:* 9 de mayo de 1956. *Resuelto:* 9 de octubre de 1956.

*Harry M. Besosa,* abogado del apelante Baldrich Gómez; *Montilla & Benítez & Arjona Siaca,* abogados del apelante Rodríguez Pacheco; *Hon. Secretario de Justicia José Trías Monge y Jaime J. Saldaña y Eduardo Negrón Rodríguez, Procuradores Auxiliares,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

El Estado Libre Asociado de Puerto Rico instó en 6 de agosto de 1953, a requerimiento y para beneficio de la Capital de la isla, una demanda de expropiación forzosa contra Gerardo Baldrich Gómez, Ezequiel Prieto y Rafael Rodríguez Pacheco. Al primero se le demandó como dueño del solar y edificio a ser expropiados, al segundo como acreedor hipotecario y al tercero como arrendatario de la propiedad en cuestión. Con su demanda el Estado Libre depositó la suma de $46,390. Baldrich Gómez alegó que el valor real de los bienes era $70,000 y solicitó que de la cantidad depositada se entregara al acreedor hipotecario la suma de $15,000. Así se hizo. Rodríguez Pacheco contestó alegando que era el arrendatario del inmueble a virtud de un contrato de arrendamiento por plazo de cinco años a partir del 15 de febrero de 1949, con opción a cinco años más. Sostuvo además que (a) la diferencia entre el valor real y razonable del alquiler y el canon convenido era de $2,566.80 por año, por lo que por concepto de dicha diferencia tenía derecho a una compensación no menor de $12,834; (b) que había instalado en el local arrendado estantería de madera por valor de $2,000; y (c) que debido a la proximidad de dicho local a las tiendas de sus mejores clientes y conside-

rando las facilidades de exhibición, carga y descarga, cercanía a los muelles, bancos, etc., sufriría además daños ascendentes a $5,000, todos los cuales tenía derecho a recobrar.

Al comenzar el juicio los abogados del Estado Libre y los de Baldrich Gómez estipularon que la justa compensación a ser pagada por la propiedad a expropiarse lo era la suma de $53,000. La contienda se limitó, pues, a la reclamación del arrendatario. El tribunal a quo, luego de oír la prueba aducida por las partes, dictó sentencia ordenando al demandante que consignara la suma adicional de $6,610, sin intereses, a disposición de Baldrich Gómez, declarando sin lugar la reclamación de Rodríguez Pacheco y ordenando a su secretario que de los fondos bajo su custodia entregara a Baldrich Gómez $11,538.78 y reservara la suma de $3,299.22 para responder de las contribuciones territoriales.

Tanto Baldrich Gómez como Rodríguez Pacheco apelaron. El primero de ellos, sin embargo, no ha radicado alegato en apoyo de su recurso. Procede, por tanto, la desestimación del mismo. El segundo imputa al tribunal a quo haber errado al denegar compensación (1) por la diferencia entre el valor real del arrendamiento y lo pagado según el contrato; y (2) por los perjuicios causados a la propiedad y al negocio del arrendatario.

La contención de Rodríguez Pacheco en cuanto al primer error es que siendo el arrendamiento uno por cinco años con opción a cinco más y habiendo sido la propiedad arrendada expropiada antes del vencimiento del primer período, él tiene derecho a que se le pague la diferencia entre el valor real del uso y ocupación del edificio y el canon de arrendamiento que pagaba mensualmente, no sólo por el tiempo que faltaba para cumplirse el período original de cinco años, sino también por la totalidad del período de la opción. A este respecto el tribunal a quo manifestó:

"No tenemos duda alguna de que el término del arrendamiento fué de cinco años. El punto esencial de la controversia

consiste en cuáles fueron los términos de la prórroga: para determinar esta cuestión tenemos que considerar la prueba testifical, y de la apreciación y análisis que de la misma en conjunto hemos hecho, es nuestra conclusión que Rodríguez Pacheco venía obligado a notificar a Baldrich de su intención de continuar en el arrendamiento 90 días antes del vencimiento del primer período de cinco años si deseaba continuar con el mismo por cinco años más.([1]) . . .

"El derecho que Rodríguez Pacheco tenía a renovar el contrato después de los primeros cinco años no lo convertía en un arrendamiento por los segundos cinco años y por tanto carecía de derecho alguno para disponer en forma alguna de las premisas mediante subarrendamiento, o venta del derecho que a él asistía. Alegar que él dejaba de ganar tal o cual cantidad por estar impedido de seguir utilizando el local durante los segundos cinco años resulta una mera especulación.

"Además entendemos que para que el arrendatario pudiera ejercitar su opción a renovar el contrato por cinco años más, tenían que existir las tres bases fundamentales necesarias para concertar dicho contrato, o sea, causa, consentimiento y objeto.

"No hay duda de que el consentimiento existía a través del derecho obtenido mediante la opción; asimismo existía la causa, o sea, la obligación del arrendatario de pagar $3,000 anuales como canon; pero ya no existía el objeto pues su título estaba investido en El Estado Libre Asociado de Puerto Rico desde octubre 7 de 1953.

"Así es que cuando llegara el momento en que Rodríguez Pacheco pudiera notificar a Baldrich que había decidido renovar el contrato, si así lo hubiera elegido, cosa que considera-

---

([1]) Esto último no se ajusta estrictamente a la prueba que el tribunal sentenciador tuvo ante sí, pues lo que Rodríguez Pacheco manifestó a este respecto fué que él tenía "el privilegio de pasados los cinco años si no me convenía continuar con el negocio no estaba obligado a continuar los segundos cinco años, dándole un aviso al señor Baldrich de 90 días para que él hiciera diligencias y alquilase su local a otra persona;" mientras que lo que Baldrich Gómez declaró fué que "Discutimos los términos y llegamos a un acuerdo, es decir, el señor Rodríguez me alquilaba el local por cinco años con una opción a cinco años más, con la cláusula de que en cualquier momento con sesenta días de anticipación dándome un aviso por sesenta días de anticipación el señor Rodríguez desocuparía el local o el señor Rodríguez dejaría el local avisándome con sesenta días de anticipación."

mos especulativa, hubiese faltado uno de los requisitos esenciales, o sea, el objeto.

"Y faltaba este requisito, no por culpa del arrendador, sino porque El Estado Libre Asociado de Puerto Rico había ejercitado su soberano, indiscutible e inherente derecho de expropiación forzosa, quedando, por tanto, extinguida cualquier obligación en que hubiera incurrido dicho arrendador."

De acuerdo con la prueba aportada, tanto por el arrendatario como por el arrendador, el contrato de arrendamiento fué uno verbal, por término de cinco años, con opción de prórroga por cinco más, pagándose los cánones por mensualidades vencidas.(²)   Aunque Rodríguez Pacheco siempre insistió en que el contrato se elevara a escritura pública, por razones que es innecesario mencionar, tal escritura nunca se formalizó.   Ello no obstaba para que el contrato fuera obligatorio para ambas partes.(³)

En el caso de *Pueblo* v. *Sociedad McCormick, Alcaide & Co., S. en C., etc., Floor Coverings of P. R., interventora,* 78 D.P.R. 939, expusimos con amplitud cuáles son los derechos del arrendatario de un inmueble expropiado.   En el curso de la opinión en él emitida dijimos:

"El hecho de que el título de dominio sobre bienes expropiados esté sujeto a un contrato de arrendamiento de ordinario no tiene efecto alguno sobre la compensación que el gobierno deba pagar por dicho título.  Se determina el valor del título de dominio y entonces se le deduce el valor del arrendamiento . . .  En tanto en cuanto el arrendamiento menos-

---

(²) Aunque los cánones eran pagados por mensualidades, como se fijó plazo al arrendamiento el contrato no puede considerarse como uno de mes a mes.  Véase el art. 1471 del Código Civil, ed. de 1930, 31 L.P.R.A. sec. 4092, preceptivo de que: "Si no se hubiese fijado plazo al arrendamiento, se entiende hecho por años cuando se ha fijado un alquiler anual, por meses cuando es mensual, por días cuando es diario.  En todo caso cesa el arrendamiento, sin necesidad de requerimiento especial cumplido el término."

(³) El art. 1230 del Código Civil—31 L.P.R.A. sec. 3451—dispone que:

"Los contratos serán obligatorios, cualquiera que sea la forma en que se hayan celebrado, siempre que en ellos concurran las condiciones esenciales para su validez."

caba el valor del título de dominio, el arrendatario debe ser compensado de la suma que represente el valor total del título de dominio y no en adición a éste. . . . Siempre y cuando que el gobierno haga un esfuerzo razonable para incluir como demandados a todas las personas que pudieran tener un interés en los bienes expropiados, el gobierno no tiene interés como tal en la distribución de la compensación pagada a los varios reclamantes. . . . entre Torres (arrendador) y el gobierno, Torres debe pagar dichos daños a la Floor Coverings, siempre y cuando que el depósito constituya el valor en el mercado del título de dominio. . . . cuando el gobierno expropió el título de dominio en este caso el arrendatario tenía derecho a que se le compensara por su interés en el arrendamiento aun cuando el contrato de arrendamiento no estuviera inscrito en el Registro de la Propiedad. . . . No podemos ver cómo el artículo 1461 [del Código Civil] puede interpretarse en el sentido de que aumenta las obligaciones del gobierno hacia una persona con un arrendamiento no inscrito. Así resolverlo equivaldría a conceder más daños a tal arrendatario que a uno cuyo arrendamiento estuviese inscrito. . . . La naturaleza y cuantía de la compensación a un arrendatario en una acción de expropiación no depende de si su contrato está inscrito o no; recibe la misma compensación en ambos casos. . . . En términos generales, cuando se expropia todo el balance de un arrendamiento, el arrendatario tiene derecho al '. . . valor del uso y ocupación de los bienes arrendados por el resto del . . . término . . . menos el canon estipulado que el arrendatario tendría que pagar por tal uso y ocupación.' . . . El gobierno '. . . debe pagar únicamente por lo que expropia y no por las oportunidades que el dueño pueda perder como resultado de la expropiación."

Nos ratificamos en lo así expuesto. Si bien este Tribunal ha resuelto que "una opción a arrendar no es un arrendamiento"—*Colón Rosich* v. *Registrador*, 42 D.P.R. 632—y que aunque el término del arrendamiento unido al período de la opción pase de seis años no hace que el contrato sea de por sí inscribible, sin embargo, en casos de expropiación forzosa el arrendatario tiene derecho a que se le indemnice no sólo por el término no vencido del arrendamiento original, sino también por el término de la opción concedídale. *United*

*States* v. *Petty Motor Co.*, 327 U. S. 372, 90 L. Ed. 729;
*Hercey* v. *Board of Chosen Freeholders of Essex County
et al.*, 133 Atl. 872; 3 A.L.R. 2d 326.

█ En el presente caso surge, no obstante, una situación
especial debido en primer lugar a que, conforme hizo cons-
tar el tribunal o quo en su sentencia, el arrendatario "conti-
núa aún ocupando las premisas expropiadas," y en segundo
lugar a que si bien el arrendatario hizo constar claramente
cuál era el canon de arrendamiento que pagaba, no ofreció
prueba de clase alguna tendiente a demostrar el valor real
del uso y ocupación de la propiedad por él poseída como tal
arrendatario. Ante semejante situación, el tribunal senten-
ciador no erró al declarar sin lugar su reclamación a este
respecto. (⁴)

█ El segundo error señalado tampoco fué cometido.
La estantería de madera y demás enseres no estaban per-
manentemente adheridos al inmueble expropiado. Eran fá-
cilmente removibles. El arrendatario no tenía, por tanto,
derecho a percibir compensación en relación con los mis-
mos. (⁵) Véanse *El Pueblo de Puerto Rico* v. *Sociedad
McCormick, Alcaide & Co., S. en C.*, etc., *Floor Coverings of
P. R., interventora*, supra; *United States* v. *General Motors
Corp.*, 323 U.S. 373, 89 L. Ed. 311, 319, en el cual se dijo
que la justa compensación a ser pagada por el expropiante

---

(⁴) Dada la conclusión a que antes hemos llegado, es innecesario dis-
cutir el alcance y efecto que pudo haber tenido sobre la opción el acuerdo
entre las partes al efecto de que Rodríguez Pacheco (según concluyó el
tribunal) "venía obligado a notificar a Baldrich de su intención de con-
tinuar en el arrendamiento 90 días antes del vencimiento del primer
período de cinco años si deseaba continuar con el mismo por cinco años
más." En vista de la ausencia de prueba sobre la materia, este caso
no presenta el problema discutido en el de *Floor Coverings*, supra, en
relación con el control de alquileres.

(⁵) Según dijimos en *Pueblo* v. *Soc. Agríc. Mario Mercado e Hijos*,
72 D.P.R. 792, 799, ". . . Cuando la mejora está adherida al inmueble
expropiado debe concederse indemnización por el costo de su remo-
ción; . . ."

Aquí la situación es enteramente distinta ya que, conforme hemos
indicado, los enseres eran fácilmente removibles.

no incluye pérdidas futuras, los gastos de trasladar enseres removibles y otros bienes muebles del local expropiado, como tampoco "la pérdida de la plusvalía (*good-will*) proveniente de la ubicación de la propiedad," etc., así como *United States* v. *Petty Motor Co.*, supra, a la pág. 378.

*La apelación interpuesta por Baldrich Gómez será desestimada. En cuanto a la interpuesta por Rodríguez Pacheco, la sentencia será confirmada.*

El Juez Asociado Sr. Belaval disintió.

### SENTENCIA

San Juan, Puerto Rico, a 28 de diciembre de 1956.

Vista la moción de reconsideración presentada por el demandado Rafael Rodríguez Pacheco y la contestación a la misma del codemandado Gerardo Baldrich Gómez, se deja sin efecto nuestra sentencia de 9 de octubre de 1956 y en su lugar se dicta otra revocando en lo que a Rafael Rodríguez Pacheco concierne la sentencia apelada dictada en el caso del epígrafe por el Tribunal Superior de Puerto Rico, Sala de San Juan, con fecha 6 de mayo de 1954. El caso será devuelto a la sala de instancia para que ésta oiga prueba solamente en relación con el valor del uso y ocupación de la propiedad objeto del litigio durante el resto del período de la opción y determine la diferencia a ser pagada al arrendatario Rodríguez Pacheco, de haberla, entre el valor de dicho uso y ocupación y el canon de arrendamiento objeto del contrato, por dicho período. En cuanto al codemandado Gerardo Baldrich Gómez, la apelación por él interpuesta será desestimada.

Así lo pronunció y manda el Tribunal y firma el Sr. Juez Presidente. Los Jueces Asociados Sres. Negrón Fernández, Sifre y Belaval disintieron.

A. C. SNYDER,
*Juez Presidente.*

Certifico: JOAQUÍN BERRÍOS,
*Secretario Interino.*