FRANK JUSZKIEWICZ, Appellant, v. NEW JERSEY FIDELITY AND PLATE GLASS INSURANCE COMPANY, Respondent.

Fourth Department, November 12, 1924.

Insurance — automobile liability insurance — action to recover from insurer amount of judgment recovered against insured and expenses — policy covered automobile when used for ordinary business except transportation or delivery of goods or merchandise — at time of accident insured was towing buggy for another without compensation — protection of policy not forfeited by act of insured — insured is entitled to judgment without proof that judgment against him has been paid.

The protection of a policy of automobile liability insurance which covers an automobile when used for ordinary business purposes, except transportation or delivery of goods or merchandise, is not forfeited by the insured by towing a buggy for a third person without compensation and merely as an accommodation. The business use of the automobile for transportation or delivery of goods or merchandise was intended to be excluded from the policy and not the mere occasional and non-business use of the automobile for that purpose.

Accordingly, the insured is entitled to recover the amount of a judgment recovered against him and the expenses in defending that action which was based on an accident that occurred while he was towing the buggy.

Although the indemnity was against loss and not against mere liability, the insured may recover the amount of the judgment recovered against him and the expenses, notwithstanding there is no proof of the payment of that judgment by the insured.

APPEAL by the plaintiff, Frank Juszkiewicz, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Erie on the 18th day of April, 1922, upon the decision of the court dismissing the complaint, both sides having moved for the direction of a verdict at the close of the case, and the jury having been discharged.

*Hull & Hammond* [*Clark H. Hammond* of counsel; *Loraine B. McCarthy* with him on the brief], for the appellant.

*Gibbons & Pottle* [*Frank Gibbons* of counsel], for the respondent.

CROUCH, J.:

Plaintiff was insured by the defendant from loss or damage on account of liability for bodily injuries sustained by reason

**676** Juszkiewicz *v.* New Jersey Fidelity & P. G. Ins. Co.

Fourth Department, November, 1924. [Vol. 210

of plaintiff's ownership, maintenance or use of a certain automobile. The policy provided that it did not " cover loss on account of injuries * * * other than those specified in the schedule." The schedule referred to reads as follows: " Statement 6. The above described automobiles are used for the following purposes only: Private and pleasure purposes, and all ordinary business uses for which vehicles are suitable, except demonstrating or testing, transportation or delivering of goods or merchandise."

On June 13, 1918, while the policy was in full force, the plaintiff was driving the automobile when he collided with another, causing injuries to two persons. Actions were brought against him by the injured persons, and judgments were obtained by them against him.

The defendant here disclaimed all liability under the policy and refused to defend the said actions, on the ground that at the time of the said accident plaintiff's automobile was being used for transportation or delivery of goods or merchandise, and was maintained or used for a purpose other than that specified in the policy, to wit, for the delivery of a buggy, which was attached to the automobile as a trailer.

This action was brought by plaintiff to recover from the defendant the amount of the judgments obtained as aforesaid against him, and also to recover certain expenses incurred in defending the action.

At the close of the trial herein both parties moved for the direction of a verdict. The trial judge found as a fact that at the time of the accident " the automobile of the plaintiff was being used for the transportation or delivery of goods and merchandise from Buffalo, N. Y., to Holland, N. Y.," and accordingly gave judgment for defendant.

The evidence shows that plaintiff, as an accommodation to a friend, and without receiving any remuneration therefor, undertook to bring a buggy from Buffalo to Holland. The buggy was evidently attached to the rear of the automobile. Plaintiff worked in a grocery store, and was not in the business of transporting or delivering merchandise.

The contention of defendant, briefly stated, is that the buggy was merchandise; that when it was attached to the rear of the automobile and was being drawn toward Holland, the automobile was being used for the transportation or delivering of goods or merchandise, within the meaning of that clause as used in the schedule; and hence that the loss by the assured on account of injuries suffered by persons while the automobile was being so used was not covered by the policy.

The rule of strict construction against an insurer is elementary.

It may be doubted whether the buggy, under the circumstances disclosed, fell within the meaning of the term "goods or merchandise," as used in the policy. Those words ordinarily refer to personal property while still in the channels of trade, and objects of commerce. It is evident here that the buggy had passed out of the channels of trade. It had become a private chattel, and was no longer an object of commerce.

If, however, we assume that the buggy did constitute goods or merchandise, within the meaning of the policy, it does not follow that the automobile at the time of the accident was being used for a purpose which excluded it from coverage. We think the argument of defendant fails to give any effect to the word "business," as used in the schedule. If the exception, "transportation or delivering of goods or merchandise," is read literally, as defendant would have it read, it would apply equally to the act of the owner in transporting his own goods, and in transporting the goods of another. In other words, it would totally exclude coverage if any goods or merchandise were being transported or delivered. Clearly, such a situation was not contemplated. Likewise, if the act of the owner here in transporting and delivering a buggy was excluded from coverage, then the act of the owner in carrying any parcel as an accommodation to a friend or neighbor, without remuneration, is equally excluded from coverage. There can be no distinction made under the language used. That also, we think, was not contemplated. In our opinion, it was the *business* use of the vehicle for transportation or delivery of goods or merchandise which was intended to be excluded. The definite test of a business use would usually be whether or not a profit was being made, directly or indirectly, by the owner, on the particular occasion. If the owner of a car ordinarily used for private and pleasure purposes, undertakes to transport goods and merchandise for his neighbor for hire from one place to another, he is *pro tanto* engaged in the business of transportation. The ordinary man, in reading statement 6 of the schedule, would no doubt understand that such a business use for transportation was excluded. It is doubtful whether the same man would understand that if he carried any package or parcel for his neighbor, he was depriving himself of the protection of his policy. By construing the exception expressed in the words "transportation or delivering of goods or merchandise" as being an exception to the *business* purposes referred to above, and not as an exception to private and pleasure purposes, we arrive at a fair and sensible meaning, which is subject to a perfectly definite test of profit or no profit.

Respondent also claims that under the language of the policy,

**678** MORRIS RUN C. CO., INC., *v.* CARTHAGE S. P. & P. CO., INC.

Fourth Department, November, 1924. [Vol. 210

the indemnity was against loss and not against mere liability; that because there is no proof of the payment of the judgment, *i. e.*, loss, there can be no recovery. There is proof of payment of expenses. But in any event, *Matter of Empire State Surety Co.* (214 N. Y. 553) is an authority to the contrary.

The judgment appealed from should be reversed on the law and the facts, and judgment directed for the plaintiff, with costs, for the sum of $3,898.78, with interest thereon from May 6, 1921. Finding of fact No. 13 should be disapproved and reversed, and a new finding of fact made to the contrary. Conclusions of law as found should be disapproved and new conclusions made in accordance with the facts found.

HUBBS, P. J., CLARK, DAVIS and TAYLOR, JJ., concur.

Judgment reversed on the law and facts and judgment directed for the plaintiff, with costs, for the sum of $3,898.78, with interest thereon from May 6, 1921. Finding of fact No. 13 is disapproved and reversed and a new finding of fact made to the contrary. Conclusions of law disapproved and new conclusions made in accordance with the facts found.