Jacob Barsuk, Plaintiff, *v.* Independence Indemnity Company, Defendant.

Supreme Court, Genesee County, December 24, 1931.

*Benjamin J. Farber*, for the plaintiff.

*Gibbons, Pottle & Pottle* [*Frank Gibbons* of counsel], for the defendant.

Harris, J. The complaint sets forth three causes of action, each cause alleging that the defendant issued an automobile liability and property damage policy of insurance to one Rose Gart and that by the terms of such policy the defendant agreed, among other things, to insure, within the limits of said policy, the said Rose

Gart and/or any person or persons legally operating the afore-mentioned automobile with the permission of the said Rose Gart against loss arising out of liability resulting from injury or damage caused by the use of said automobile.

Further allegations of the complaint are that the policy was in full force and effect and that the plaintiff, at the time of an accident therein referred to, was operating the said automobile with the knowledge, permission and consent of the said Rose Gart and that such accident resulted in suits being brought against the plaintiff.

The first cause of action in the complaint herein covers two of those suits and alleges that such two suits resulted in judgments against the plaintiff, which judgments are still unpaid due to the insolvency of the plaintiff herein. The second cause of action in the complaint herein alleges the bringing of another suit growing out of the same accident against the plaintiff herein and one Weber, such suit resulting in judgment and that after such judgment was rendered, the said Weber, by virtue of the provisions of section 211-a of the Civil Practice Act, obtained a contribution judgment against the plaintiff herein for one-half of the original judgment, the said Weber having paid such original judgment. Such second cause of action further says that the judgment therein obtained by the said Weber is still unpaid.

The third cause of action is similar to the second cause of action hereinbefore described.

The complaint further alleges jurisdictional matters and that though proper demand was made, the defendant failed to defend the plaintiff herein in the actions in which he was defendant and failed to take other steps to protect such plaintiff, which the plaintiff claims were necessary for the defendant herein to take for the protection of such plaintiff.

The plaintiff further alleges that he has expended certain moneys for attorneys' fees in such actions against him and that the judgments against him in such actions carry costs and interest. The demand for judgment is for the separate amounts in which judgments were taken against the plaintiff herein by various defendants in the actions against such plaintiff herein as above described.

The defendant herein attacks the complaint on two grounds: (a) That there is no contractual relationship between the defendant insurance company and the plaintiff, and (b) that even if the plaintiff were protected by the contract of insurance described in the complaint herein, such contract was a contract of indemnity, and before the plaintiff could recover he would have to show that

he had paid out moneys and satisfied the judgments against him.

The plaintiff contends that there is a contractual relationship evidenced by the policy of insurance and that the contract is one to insure against liability and not one of indemnity. Both parties hereto concede that the plaintiff has no remedy under any statute, but, if he has a remedy, it is under the common law of contracts.

If there is a contractual relationship between the plaintiff and defendant herein, it must be made out by the contract of insurance itself. The language of such contract on which the plaintiff depends, in so far as it is material in the consideration of this motion, is as follows: " the Independence Indemnity Company (hereinafter called ' the Company ') hereby agrees with the Insured named * * * that if * * * any automobile described (in such policy) shall cause bodily injuries by accident * * * to any person or persons and/or accidental damage to property * * * for which bodily injuries and/or property damages * * * the Insured and/or others as hereinafter described are liable for damages, then the Company will,

" 1. Insure against loss arising out of such liability * * * the named Insured and/or any person or persons while * * * legally operating any of the automobiles described (in the policy) * * * and/or any person * * * legally responsible for the operation thereof, provided such * * * operation is with the permission of the named Insured; * * *

" 2. Defend in the name and on behalf of the named Insured, and/or any person * * * as above defined, all claims or suits for damages * * * for which damages they are, or are alleged to be, liable.

" 3. Pay (a) all costs and expenses incurred with the company's written consent, (b) all taxed costs, and (c) all interest accruing upon any judgment."

There can be no question that the plaintiff herein falls within the description of " any person or persons while * * * legally operating any of the automobiles." But the defendant claims that that description is too vague to identify anybody as the beneficiary of this provision of the policy and that such vagueness makes such provision void. The defendant further claims that not being a party to the contract of insurance, the plaintiff herein may not sue to recover under the same.

In the case of *Seaver* v. *Ransom* (224 N. Y. 233, 237–239) the opinion of the learned Judge POUND describes the cases in which a person who is not a party to a contract may enforce such contract for his own benefit, as follows:

1. Cases where there is a pecuniary obligation running from the promisee to the beneficiary.

2. Cases where the contract was made for the benefit of the wife.

3. Public contract cases, and

4. Cases where, at the request of a party to the contract, the promise runs direct to the beneficiary although he does not furnish the consideration.

As to this first named objection of the defendant that the class described is too vague to identify the persons intended to be described, it must be borne in mind by the mere fact that the defendant company has chosen the language and has accepted a premium undoubtedly based upon the contents of such language, that, therefore, the company intended to insure any person who was driving the car legally and within the provisions of the policy and with the permission of the named insured. And so this court is constrained to hold that the plaintiff herein comes within the description of the language of the policy, " any person or persons while * * * legally operating any of the automobiles * * * with the permission of the named Insured."

As to the other objection that the provision is void due to the fact that the one who seeks the benefit of the policy is not a party to the contract of insurance, we have here a case where the insured has paid a consideration in return for a promise that he and a certain class of persons mentioned in such policy would be insured, and to the mind of this court the plaintiff herein is a beneficiary who would fall within the fourth class described by Judge POUND in *Seaver* v. *Ransom* (*supra*). So this court holds that the plaintiff was insured under and entitled to the benefits of such policy of insurance as described and contained in such policy.

In reference to the second and third causes of action in the complaint herein, the defendant contends that the judgments therein sued on are not covered by the policy because such judgments are the result of the operation of section 211-a of the Civil Practice Act. The original judgments for the payment of which contribution was obtained were already judgments resulting from injuries for which judgments the insured is liable (and for which he was insured by the defendant herein), and the mere fact that such liability was reduced by the effect of section 211-a of the Civil Practice Act does not divest the remainder of the original judgments (as evidenced by the Weber judgments against the plaintiff) of their character as obligations for which the defendant is liable to the plaintiff herein.

The other question raised by the defendant herein in attacking the complaint as to whether the language of the policy is the

language providing for indemnity or is language insuring against liability and, therefore, not requiring the payment of a judgment before suit is to be brought, has been disposed of so far as this Special Term is concerned by the learned Appellate Division of this department (Fourth) in *Juszkiewicz* v. *New Jersey Fidelity & P. G. Ins. Co.* (210 App. Div. 675). The rule laid down in that case and the discussion in volume 37 of the American Law Reports, page 846, and volume 41 of the American Law Reports, pages 515, 525, and notes, lead to the conclusion that in this State the language " insured against loss arising out of such liability " means not to indemnify but to protect against liability. On the facts stated in the complaint herein, the defendant has refused to comply with this provision of the policy.

This court is of the opinion that the plaintiff herein has stated a cause of action and the plaintiff may have an order denying the motion of the defendant.