## LINTERN *v.* ZENTZ.

1. INSURANCE—CONSTRUCTION OF POLICY—AMBIGUITIES.

An insurance policy must be considered as a whole in adjudicating rights of litigants thereunder and ambiguities therein construed against the insurer who prepared it.

2. SAME—AUTOMOBILES—COMMERCIAL USE—TOWING OF TRAILER BY EMPLOYEE.

Automobile, owned by employee of a rent-a-trailer employer, which was towing a 4-wheel trailer upon which was loaded a 2-wheel trailer both of which belonged to employer but were being brought from one city to another voluntarily by the employee on his day off and without request or authority of the employer, but as a matter of courtesy or accommodation to him, was not being used in a "commercial" sense for the delivery of material or merchandise within meaning of automobile casualty insurance policy.

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur, Insurance, §§ 160, 166.
[2–6] Insurance covering damage to automobile by accident or collision (nature of use).   14 ALR 188, 192; 26 ALR 431; 35 ALR 1033; 54 ALR 1454; 105 ALR 1426.
[2–6] "Business," within automobile liability insurance policy covering automobile when used for pleasure and business, as including business of insured's employer.   146 ALR 1189.
[7] 3 Am Jur, Appeal and Error, §§ 246, 820.
[8, 9] 19 Am Jur, Estoppel, §§ 83–85.
[9] 29 Am Jur, Insurance, § 878.

3. SAME—AUTOMOBILES—COMMERCIAL USE.

"Commercial use," as term is used in automobile casualty insurance policy, connotes use in a business in which one is engaged for profit.

4. SAME—AUTOMOBILES—TOWING TRAILER—COMMERCIAL USE.

Employee's own automobile which he had taken from his home at Detroit to Chicago on his day off from employment in rent-a-trailer business, at latter city learned there were two trailers belonging to employer which needed returning to Detroit and without request or authority from employer but as a favor to him, loaded one onto the other and proceeded to Detroit and while en route suffered an automobile accident giving rise to instant garnishment proceedings, was not excluded from coverage under policy excepting "commercial use" but permitting the towing of a utility trailer not used "to transport goods, merchandise or other commodities or materials in any business enterprise."

5. SAME—AUTOMOBILES—MASTER AND SERVANT—BUSINESS ENTERPRISE.

An employee who is attempting to do his employer a favor and while so doing acts without request, authority or knowledge of the employer is not engaged in a business enterprise as such term is used in automobile casualty policy insuring such employee's automobile.

6. SAME—AUTOMOBILES—COMMERCIAL USE—GRATUITOUS TRANSPORTATION.

The owner of a car who undertakes to transport goods and merchandise for another for hire is *pro tanto* engaged in the business of transportation which would be excluded from coverage under an automobile casualty insurance policy covering private and pleasure uses only, but where transportation for the other person is gratuitous, the insured would not be deprived of the protection of his policy.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—PLEADING—TRIAL.

An issue not pleaded nor otherwise presented to the trial court cannot be urged on appeal (Court Rule No 23, § 3 [1945]).

8. ESTOPPEL—PREJUDICIAL CONDUCT.

There can be no estoppel unless a party is misled to his prejudice by the one against whom it is set up and does material acts relying upon the conduct well calculated to mislead him.

9. INSURANCE—AUTOMOBILES—GARNISHMENT—ESTOPPEL—EVIDENCE.
Insurer under automobile casualty insurance policy who failed
to show that it was misled to its disadvantage by garnishee
plaintiff was not entitled to interpose defense of estoppel not
only because of lack of such evidence but also because its
contract obligation to insured may not be avoided by as-
serting estoppel based upon the conduct of a third party.

Appeal from Wayne; Murphy (Thomas J.), J.
Submitted January 6, 1950. (Docket No. 63, Calen-
dar No. 44,619.) Decided May 18, 1950.

Garnishment by Alfred R. Lintern against Harold
Zentz and Mabel A. Baxter, doing business as Rent-
A-Trailer Company, principal defendant, and Lin-
coln Mutual Casualty Company, garnishee defend-
ant. Judgment for plaintiff. Garnishee defendant
appeals. Affirmed.

*Payette & Hodgman,* for plaintiff.

*Davidson & Kaess,* for garnishee defendant.

NORTH, J. This appeal is from a judgment against
the Lincoln Mutual Casualty Company, a Michigan
corporation, as defendant in a garnishment proceed-
ing. This Casualty Company issued a public liabil-
ity policy to Harold Zentz covering his Ford coupe.
While the policy was in force Zentz had an auto ac-
cident which resulted in a suit in which plaintiff,
Alfred R. Lintern, obtained a judgment against
Zentz and Mabel A. Baxter, doing business as Rent-
A-Trailer Company. Thereafter Lintern brought
this garnishment proceeding against the Casualty
Company and obtained the judgment from which this
appeal was taken.

Appellant's contention that judgment against it
is erroneous is based primarily on its claim that at
the time of the automobile accident Zentz was mak-

ing a commercial use of his auto and was "Operating the insured automobile contrary to the [policy] indorsement prohibiting the transportation of any goods, merchandise, commodities, or materials in the utility trailer, in any business enterprise."

The pertinent policy provisions are:

"Automobile is and will be used for business & pleasure.   *   *   *

"If the automobile insured herein is used for pleasure and business, such use shall be held to include ordinary business purposes but not commercial use (*i.e.,* delivery of material and merchandise) unless so specified in the schedule of warranties.

"This policy contract shall be void   *   *   *   while used for towing, or propelling a trailer, unless a specific indorsement is attached hereto (incidental assistance to a stranded motorist excepted)."

The provision against use "for towing, or propelling a trailer" was in effect deleted from the policy by there having been attached thereto at the time the policy was issued a rider or indorsement which reads:

"It is hereby understood and agreed that from the above date this policy shall be extended to permit the towing of a utility trailer or semitrailer which is not used to carry persons or used at any time to transport goods, merchandise or other commodities or materials in any business enterprise. This indorsement does not extend to house or home trailers."

Zentz was an employee of Mabel A. Baxter, who was doing business under the assumed name of "Rent-A-Trailer Company." He was the branch manager of 1 of the 3 "yards" or stations operated in Detroit by the Rent-A-Trailer Company. Roy E. Baxter, husband of Mabel A. Baxter, was the general manager of the over-all business of the company. Under the terms of his employment Zentz

did not work on certain days. On one of these off days he drove his Ford coupe to Chicago, the trip being solely one for his own pleasure. In its business the Rent-A-Trailer Company leased trailers to be used on a one-way trip and to be left with one of the company's other stations or places of business at the end of such one-way trip. The company had places of business in Detroit, Cincinnati, Chicago, St. Louis, and some other cities. Unless subsequent to a one-way trip there was opportunity to rent the trailer to someone who was making a return trip, there would be occasion for returning the rented trailer to the station where it normally belonged or was desired for use. While in Chicago Zentz learned that 2 of the trailers which should be returned to Detroit were at the Chicago station. Without having been requested or authorized by his employer to do so, Zentz of his own volition undertook to return these trailers, one of which was a 4-wheel trailer and the other a 2-wheel trailer, to Detroit. He attached the 4-wheel trailer to his automobile and loaded the 2-wheel trailer onto the 4-wheel trailer. While en route on his return to Detroit the automobile accident occurred which resulted in Lintern's judgment against Zentz and the other principal defendant.

In undertaking to return these trailers to Detroit, Zentz was acting without authority or request of general manager Baxter, or anyone in authority, and without any knowledge of the general manager that Zentz would do so. Not only did Zentz in undertaking to return the trailers act of his own volition and without authorization, but he neither expected nor received any compensation therefor. He undertook to return the trailers solely as an accommodation to his employer. So far as Zentz was concerned it was in no sense a business transaction. General manager Baxter did not even know of Zentz

going to Chicago on this trip. On other occasions, but "altogether not more than 3 times," Zentz on trips with his own automobile had returned trailers to Detroit; but each time the general manager, who was charged with this phase of the company's business, said to Zentz: "'That is not your business to do that with your car.'" The general manager testified: "When I deliberately sent him (Zentz) out to do company business he used my car.  *  *  * I never did send a man directly with his own car on his day off to do work for the company."

In adjudicating the rights of these litigants the terms of the insurance policy must be considered as a whole; and in event of there being any ambiguity the insurance contract must be construed against the insurance company by which it was prepared. *Wilson* v. *Marshall*, 277 Mich 583.

As hereinbefore noted, the policy involved in the instant case provides:

"Automobile is and will be used for business & pleasure.  *  *  * Such use shall be held to include ordinary business purposes *but not commercial use* (*i.e.,* delivery of material and merchandise) unless so specified in the schedule of warranties. * * * It is hereby understood and agreed that * * * this policy shall  *  *  * permit the towing of a utility trailer or semitrailer which is not used * * * at any time *to transport goods, merchandise or other commodities or materials in any business enterprise.*"

Decision herein will turn upon the answers to 2 questions: (1) Was Zentz's automobile in "commercial use" at the time of the accident; and (2) Was the 4-wheel trailer being used "to transport goods, merchandise or other commodities or materials *in any business enterprise?*"

(1) Obviously, if the automobile was being used for the "delivery of material and (or) merchandise"

incident to "commercial use" it was not then within the coverage of the policy; but if it was not being so used nonliability by the insurer could not be asserted on that ground. Our review of the record brings the conclusion that at the time of the automobile accident Zentz's automobile was not being used in a commercial sense for the delivery of material or merchandise. Instead, Zentz was returning the trailers as a matter of courtesy or accommodation to his employer, without authority or request from the employer, and without compensation or reward for so doing. As used in this insurance policy the words "commercial use" connote use in a business in which one is engaged for profit. Zentz, in returning these trailers, was not so engaged. He was not making a "commercial use" of his automobile.

(2) The policy rider broadened the coverage of this insurance by permitting the towing of the 4-wheel trailer, provided it was not being used "to transport goods, merchandise or other commodities or materials *in any business enterprise."* It may be well questioned whether or not in carrying the 2-wheel trailer on the 4-wheel trailer, Zentz, under the terms of the policy, was using the 4-wheel trailer "to transport goods, merchandise or other commodities or materials;" but a more serious question is presented as to whether, in returning the 2-wheel trailer in the manner above noted, Zentz, within the terms of the policy, was doing so in a "business enterprise."

There is no claim, nor could there be, that Zentz was engaged in a "business enterprise" when, under the circumstances hereinbefore noted, he was attempting to do his employer a favor by returning these trailers to Detroit. Appellant, in our opinion, places an inaccurate interpretation on the phrase "in any business enterprise." In its brief it states: "In short, the policy excludes the use of the vehicle

in *any* business enterprise, whether that of the assured or of someone else." To be accurate there should be added to the quoted words: "Provided the one using the trailer is at that time engaged in a business enterprise in which the trailer is then being used." That, we think, is the fair and reasonable meaning attributable to the permitted trailer use. But under the facts hereinbefore noted it cannot be said that at the time of the accident Zentz was transporting the 2-wheel trailer "in any business enterprise." Instead, he was doing something that had no "business" aspect, but rather was a voluntary, gratuitous favor which Zentz, in a purely personal capacity, sought to bestow upon another by whom he was employed but at a time when Zentz was not engaged in that employment. Under this record Zentz, at the time of the automobile accident, was not engaged "in any business enterprise," within the common meaning of those words as used in the insurance policy; and the use of his automobile was within the insurance policy coverage notwithstanding the prescribed limitations of the coverage hereinbefore noted.

*Juszkiewicz* v. *New Jersey Fidelity & Plate Glass Ins. Co.*, 210 App Div 675 (206 NYS 566), is a case in which the issues were very similar to those in the case at bar. The insured, while towing a friend's buggy behind his automobile incident to delivering it to his friend as an accommodation and without remuneration, had an automobile accident. In the suit, brought to compel payment under the insurance policy, the defense was urged by the insurance company "that the buggy was merchandise; that when it was attached to the rear of the automobile and was being drawn toward Holland, the automobile was being used for the transportation or delivering of goods or merchandise, within the meaning of that clause as used in the schedule," and, hence, plaintiff

could not recover. The pertinent portion of the insurance policy referred to as "statement 6" of the schedule read:

"The above described automobiles are used for the following purposes only: Private and pleasure purposes, and all ordinary business uses for which vehicles are suitable, except demonstrating or testing, transportation or delivering of goods or merchandise."

In deciding the case and rendering judgment against the insurance company the New York court said:

"In our opinion, it was the *business* use of the vehicle for transportation or delivery of goods or merchandise which was intended to be excluded. \* \* \* If the owner of a car ordinarily used for private and pleasure purposes, undertakes to transport goods and merchandise for his neighbor for hire from one place to another, he is *pro tanto* engaged in the business of transportation. The ordinary man, in reading statement 6 of the schedule, would no doubt understand that such a business use for transportation was excluded. It is doubtful whether the same man would understand that if he carried any package or parcel for his neighbor, he was depriving himself of the protection of his policy."

Appellant's remaining contention is that plaintiff is estopped from recovering against the insurance company for the reason "that the judgment rendered against the principal defendants was based upon the theory that the principal defendant, Zentz, was the agent and employee of the defendant Baxter, and engaged in the course of her business at the time of the accident, giving rise to the principal action, and that the plaintiff is estopped to assert in this garnishment proceeding based upon the judgment a position inconsistent therewith, namely that the

principal defendant at the time of the accident was not engaged in a business enterprise."

Even if there were some merit to the above contention, appellant cannot on this appeal rely upon estoppel because this issue was not pleaded or otherwise presented to the trial court. Court Rule No 23, § 3 (1945); *Willox* v. *Townsend,* 245 Mich 632.

Aside from the above, we are of the opinion that appellant's claim of estoppel is devoid of merit because the essential elements of estoppel are not present. In *Marquette County Savings Bank* v. *Koivisto,* 162 Mich 554, 559, we quoted with approval from the opinion of the trial judge:

" 'There can be no estoppel unless a party is misled to his prejudice by the one against whom it is set up, and does material acts relying upon the conduct well calculated to mislead him. (Citing numerous cases.)' "

"In the absence of any testimony showing any act of the defendants in reliance upon the acts of plaintiff which are claimed to operate as an estoppel, the trial court properly refused to submit the question of estoppel to the jury." *Kennedy* v. *Lynch Timber Co.* (syllabus), 227 Mich 269.

In the instant case it does not appear that appellant was misled to its disadvantage by plaintiff. Further, plaintiff is not the only party concerned with having plaintiff's judgment against Zentz satisfied. Instead Zentz is also interested in the satisfaction of the judgment against him; and the insurance company cannot avoid its contract obligation with Zentz by asserting estoppel based upon the conduct of a third party—*i.e.,* the conduct of plaintiff.

The judgment entered in the circuit court is affirmed, with costs to appellee.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.