## KOCH v. TEACHENOR

**INSURANCE—POLICY—CONSTRUCTION—EXCEPTIONS.**

An automobile insurance policy is to be construed in favor of the insured to effect the insurance, and exceptions to the general liability provided are to be strictly construed against the insurer.

Appeal from Genesee, Baker (John W.), J. Submitted Division 2 January 10, 1969, at Lansing. (Docket No. 5,547.) Decided January 29, 1969. Rehearing denied March 12, 1969. Leave to appeal denied November 14, 1969. See 382 Mich 794.

Declaration by Philip J. Koch against Harold Teachenor and Thomas Haney for injuries resulting from an automobile collision. Judgment for plaintiff. Plaintiff subsequently sought a writ of garnishment against State Farm Mutual Automobile Insurance Company. Writ denied. Plaintiff appeals. Reversed.

*Des Jardins & Des Jardins,* for plaintiff.

*Gault, Davison & Bowers* (*Guy H. Hill,* of counsel), for garnishee defendant State Farm Mutual Automobile Insurance Company.

---

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobile Insurance § 2.

PER CURIAM. Plaintiff recovered a judgment against defendant in an action arising out of a collision between motor vehicles. Plantiff was driving his vehicle and defendant was driving the vehicle of one Haney. At the time of the accident, defendant was insured by the garnishee defendant, and the policy covered non-owned vehicles. The circuit court dismissed plaintiff's garnishment proceedings against garnishee defendant on the basis that the insuring agreement did not cover defendant in this instance. Plaintiff appeals.

The policy is to be construed in favor of the insured to effect the insurance, and exceptions to the general liability provided are to be strictly construed against the insurer. *Pawlicki* v. *Hollenbeck* (1930), 250 Mich 38, 43.

On similar facts and an insurance contract using language similar to that relied on by the trial court and garnishee defendant to establish no coverage in this case, the Supreme Court, in *Lintern* v. *Zentz* (1950), 327 Mich 595, held there was coverage.

Reversed and remanded for entry of judgment in favor of plaintiff with costs.

QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ., concurred.