FEDERAL MUTUAL INSURANCE COMPANY *v.* CASEY

INSURANCE—AUTOMOBILE INSURANCE—WORDS AND PHRASES—"PERMISSION".

Following the general rule that an ambiguity in an insurance policy should be construed against the insurer who wrote the contract, it is proper to construe "permission" in an insurance contract to mean that when an owner of a motor vehicle gives his keys to the vehicle to defendant along with unrestricted control of the vehicle, at least by implication, defendant has permission to use the vehicle for any lawful purpose.

Appeal from Wayne, Joseph A. Moynihan, Jr., J. Submitted Division 1 January 8, 1969, at Detroit. (Docket No. 5,416.) Decided February 26, 1969.

Complaint by Federal Mutual Insurance Company, a foreign corporation, against Thomas J. Casey, Ann Casey and Thomas Casey for a declaratory judgment that plaintiff was not an insurer of defendants. Judgment for defendants. Plaintiff appeals. Affirmed.

*Alexander, Buchanan & Conklin* (*Floyd S. Westcott,* of counsel), for plaintiff.

*Garan, Lucow & Miller* (*David J. Cooper,* of counsel), for defendants.

---

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance § 113.

Automobile liability insurance: permission or consent to use car within meaning of omnibus coverage clause. 5 ALR2d 600 (employee).

Automobile liability or indemnity insurance: "Omnibus" coverage clause. 126 ALR 548.

BEFORE: LESINSKI, C. J., and J. H. GILLIS and T. M. BURNS, JJ.

PER CURIAM. This is an appeal from a declaratory judgment construing a provision of the uninsured motorist coverage in an automobile insurance contract.

The facts were agreed to by the parties. Defendant-father agreed to keep a car for a friend, without compensation. Nothing was said as to whether defendant could or could not use the car for any purpose. The car was driven into defendant's garage and he was given the keys with the statement "here are the keys if you need to move the automobile". The next day defendant used the car instead of his own to drive his family to a nearby Dairy Queen. His reason for driving the car was that he was thinking of buying a similar model and wanted to try it out. On the way home, they were struck by an uninsured motorist, who failed to stop for a red light.

The Casey family filed a claim with the American Arbitration Association for recovery under the uninsured motorist clause of the insurance policy issued to the owner of the car by plaintiff insurance company. The insurance company then brought this action for declaratory judgment, asking a ruling that defendants were not "insured" under the language of the policy because they were not using the insured car with "permission." The trial court ruled that defendants are entitled to coverage under the policy.

The general rule is that where there is an ambiguity in an insurance policy, it should be construed against the insurer who wrote the contract and in favor of the insured. *Lintern v. Zentz* (1950), 327 Mich 595, 600. We see no merit in the insurance company's claim that the coverage clauses of the

uninsured motorist provision should be construed less liberally for the insured than is the usual omnibus clause. The policy in question gives no definition of what constitutes "permission"; on the facts of this case, we think the trial judge was correct in concluding that "when the vehicle's owner gave the defendant Casey the keys to his vehicle and unrestricted control of that vehicle he at least by implication gave permission to the defendant to use the vehicle for any lawful purpose."

Affirmed. Costs to appellee.