*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Plaintiff/Intervenor-Appellee,

v

LOVELY HORE,

        Defendant/Plaintiff-Appellant,

and

OMAR HYDER KHAN, MINARA BEGUM
CHOWDHURY, RAFNA BEGUM CHOWDHURY,
MOHAMMED SALEH AHMED, RED AHMED,
TAZIM ULLAH, and DAVID EDWARD
MOLITOR,

        Defendants.

UNPUBLISHED
August 20, 2020

No. 347918
Wayne Circuit Court
LC Nos. 17-015647-CK
        17-013286-NI

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

        Plaintiff/Intervenor-Appellee,

v

OMAR HYDER KHAN,

        Defendant-Appellant,
and

LOVELY HORE,

        Defendant/Plaintiff,

No. 347987
Wayne Circuit Court
LC Nos. 17-015647-CK,
        17-013286-NI

-1-

and

MINARA BEGUM CHOWDHURY, RAFNA
BEGUM CHOWDHURY, MOHAMMED SALEH
AHMED, RED AHMED, TAZIM ULLAH, and
DAVID EDWARD MOLITOR,

       Defendants.

---

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

       Plaintiff/Intervenor-Appellee,

v                                No.  348004
                                           Wayne Circuit Court

MINARA BEGUM CHOWDHURY and RAFNA       LC Nos.  17-015647-CK,
BEGUM CHOWDHURY,                         17-013286-NI

       Defendants-Appellants,

and

LOVELY HORE,

       Defendant/Plaintiff,

and

OMAR HYDER KHAN, MOHAMMED SALEH
AHMED, RED AHMED, TAZIM ULLAH, and
DAVID EDWARD MOLITOR,

       Defendants.

---

Before:  RONAYNE KRAUSE, P.J., and SAWYER and BOONSTRA, JJ.

RONAYNE KRAUSE, P.J.  *(concurring in part and dissenting in part)*

     I fully concur in the majority's analysis and conclusion that the business-use exclusion in the insurance policy between Khan and Farm Bureau is enforceable and consistent with public policy.  I respectfully disagree that the exclusion applies irrespective of whether the insured received any compensation for the transportation of passengers.  On this record, I would find no question of fact that Khan was never compensated in any way for transporting passengers, but was

instead merely doing a favor for a family member and fellow members of his own local cultural group. Therefore, I also respectfully disagree with the majority that "the underlying use of Khan's vehicle was commercial, not charitable or volunteer." I would reverse and remand.

As the majority outlines, at issue is a policy exclusion that denies coverage:

for liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for a fee. Reimbursement of reasonable mileage expenses incurred by the insured is not considered a fee. This exclusion does not apply to a share-the-expense car pool[.]

The majority and the trial court conclude that the above exclusion applies irrespective of the recipient of the fee. I disagree. Insurance policies are contracts and are interpreted as such. *Meemic Ins Co v Fortson*, ___ Mich ___, ___; ___ NW2d ___ (2020) (Docket No. 158302, slip op at pp 5-6). Contracts must be read as a whole, not piecemeal. See *Laevin v St Vincent de Paul Soc of Grant Rapids*, 323 Mich 607, 609-610; 36 NW2d 163 (1949).

The majority focuses on the fact that the first sentence of the exclusion is written in the passive voice. The majority reasonably concludes that, as a consequence, the first sentence standing alone makes the act (using the vehicle to carry persons or property for a fee) significant and the actor (the person so using the vehicle) irrelevant. See *Vayda v Co of Lake*, 321 Mich App 686, 698; 909 NW2d 874 (2017). However, language phrased in the passive voice is subject to restrictions based on context. See *People v Gloster*, 499 Mich 199, 207; 880 NW2d 776 (2016). In addition to other surrounding language, the location in which the passive-voice phrasing occurs may serve to specify an actor. See *Nat'l Pride and Work, Inc v Governor*, 274 Mich App 147, 159 n 10; 732 NW2d 139 (2007). Any reasonable reading of an insurance policy would generally expect an unspecified actor to be the insured (or possibly an agent of the insured) unless otherwise stated. Notably, the second sentence of the exclusion explicitly discusses receipt *by the insured* of compensation for expenses, strongly suggesting that the exclusion is intended to limit coverage based on the insured's conduct.

Other exclusions, also phrased in the passive voice, carry the same implication. For example, the policy contains for "using a vehicle" without permission or in excess of permission. If looking only at the use of passive voice, such exclusions might indicate that coverage is unavailable if another driver were to operate another vehicle involved in a collision without permission. The exclusions section refers to coverage "for any insured," further suggesting a general focus on the conduct of the insured. Indeed, the law generally does not expect persons to be held responsible for the acts of a third party absent some meaningful ability to control that third party. See *De Forrest v Wright*, 2 Mich 368, 369-370 (1852); *Laster v Henry Ford Health Sys*, 316 Mich App 726, 734-736; 892 NW2d 442 (2016). I conclude that the only reasonable way to read the exclusion is to implicitly insert the insured as an actor: the exclusion applies where *the insured* used the vehicle to carry persons or property for a fee. Furthermore, although a rule of "last resort," if the use of passive voice in context renders the exclusion ambiguous, it should be construed in favor of the insured's reasonable expectations. See *Wilkie v Auto-Owners Ins Co*, 469 Mich 41, 60-62; 664 NW2d 776 (2003).

I additionally observe that although there is little case law addressing a policy exclusion phrased exactly like the exclusion here, Michigan courts have addressed "business use" exclusions. Our Supreme Court approved of a case from New York in which an insured towed a friend's buggy as a favor and without compensation, an act found not to be a business use even though the buggy was merchandise. *Lintern v Zentz*, 327 Mich 595, 602-603; 42 NW2d 753 (1950). The New York court observed that a reasonable person reading the policy would readily understand that a business use was forbidden, but the reader would *not* understand merely carrying a package for a neighbor to be forbidden. *Id*. at 603. This Court, in addressing a business-use exclusion, relied on the fact that a pizza delivery driver's *purpose* of using the car was ultimately to receive payment, even though he was not being specifically paid for the use of the car. *Amerisure Ins Co v Graff Chevrolet, Inc*, 257 Mich App 585, 592-597; 669 NW2d 304 (2003), rev'd in part on other grounds 469 Mich 1003 (2004). To the extent case law provides any guidance, it also establishes that the proper emphasis is on the use of the vehicle *by the insured*.

Thus, the evidence is unequivocal that the insured, Khan, was not using his vehicle to transport persons or property for a fee at any time. Even presuming Khan was aware that Barua operated a transportation business, the evidence establishes that he was transporting people strictly as a favor for his niece. Khan received no compensation at all, nor was any promised or expected. There is no evidence that Khan had ever performed a similar favor. The evidence tends to suggest that Barua was unsure Khan would even perform this favor; she certainly did not expect it. Khan's purpose of using his vehicles was to transport persons as a favor to a family member and, implicitly, to several individuals who were fellow members of a fairly close-knit local cultural group. In effect, his use of the vehicle was little different from, say, a "soccer mom" transporting players for a fee-charging sports league. The purpose of the exclusion is clearly to prevent insureds from operating a transportation or delivery business. By analogy to *Lintern*, any reasonable person would understand the exclusion to forbid the insured from accepting payment to transport persons, but no reasonable person would understand it to forbid doing a niece a favor.

Khan did not operate a transportation business and did not receive or expect any compensation for transporting anyone on the day of the accident. I would reverse and remand.

/s/ Amy Ronayne Krause